**Andres ALVARADO–CORDERO,**
**Plaintiff, Appellant,**

v.

**Dario HERNANDEZ, etc., et al.,**
**Defendants, Appellees.**

**No. 87–1366.**

United States Court of Appeals,
First Circuit.

Heard Oct. 7, 1987.

Decided Jan. 22, 1988.

Alberto J. Perez–Hernandez with whom Gonzalez & Perez–Hernandez, San Juan, P.R., was on brief, for plaintiff, appellant.

Marcos Ramirez–Lavandero with whom Marcos A. Ramirez–Irrizarry, Jose A. Sanchez–Alvarez, Ramirez & Ramirez, Hato Rey, P.R., Hector Rivera–Cruz, Secretary of Justice, and Rafael Ortiz–Carrion, Sol. Gen., were on brief, for defendants, appellees.

Before BOWNES, Circuit Judge, TIMBERS,* Senior Circuit Judge, and BREYER, Circuit Judge.

BREYER, Circuit Judge.

This is another in a series of "political discharge" suits filed in this circuit to challenge dismissals made by new state government administrators in Puerto Rico after they took office in 1984. *See, e.g., Juarbe–Angueira v. Arias,* 831 F.2d 11 (1st Cir.1987); *Zayas–Rodriguez v. Hernandez,* 830 F.2d 1 (1st Cir.1987); *Roman Melendez v. Inclan,* 826 F.2d 130 (1st Cir. 1987); *Mendez–Palou v. Rohena–Betancourt,* 813 F.2d 1255 (1st Cir.1987); *Jimenez Fuentes v. Torres Gaztambide,* 807 F.2d 236 (1st Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1888, 95 L.Ed.2d 496 (1987). In this case, the defendants Dario Hernandez (the Secretary of the Department of Transportation and Public Works) and Antonio Medina (the Acting Executive Director of the Puerto Rico Highway Authority) removed plaintiff Andres Alvarado Cordero from his position as Special Assistant IV to the Executive Director of the Puerto Rico Highway Authority, reassigning him to a lesser position, an Engineer VII. Plaintiff brought suit, claiming that the discharge came in retaliation for plaintiff's political beliefs, and thereby violated the Constitution.

As in *Juarbe–Angueira, Zayas–Rodriguez,* and other cases, the defendants argued that a dismissal for political reasons was appropriate because plaintiff occupied a policymaking position under the *Elrod–Branti* standard. *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). The defendants added that, in any event, plaintiff's legal right to his job was not sufficiently clear, as of 1985, to permit him now to collect damages from them for his discharge. They moved for summary judgment on the merits and they moved separately for judgment on the damages issue claiming "qualified immunity." *See Anderson v. Creighton,* —— U.S. ——, 107 S.Ct. 3034, 97 L.Ed. 523 (1987); *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The district court granted *both* motions. The plaintiff appeals.

I

We turn first to the question of "qualified immunity." Plaintiff's appeal, in respect to that issue, is like the appeals in *Juarbe–Angueira, Zayas–Rodriguez, Roman Melendez,* and *Mendez–Palou;* we refer the reader to those opinions for a discussion of the applicable legal doctrine. The position at issue here (Special Assistant IV—Executive Director's Aide) is very similar to a position in the same state agency at issue in *Zayas–Rodriguez* (Special Assistant III—Administrative Assistant to

---

* Of the Second Circuit, sitting by designation.

**28**

the Executive Director). The plaintiff in *Zayas–Rodriguez* would "help the Executive Director plan and coordinate," would evaluate incoming reports and draft outgoing correspondence and other documents for the Executive Director, and would represent the Executive Director at various meetings. *Zayas–Rodriguez*, 830 F.2d at 3. The plaintiff in the position here would "advise the Executive Director on technical and administrative matters ... [and] in special cases assigned to him;" would "handle all matters pertaining to any communications coming from federal agencies.... [and] [a]nswer and analyze each of the issues in said communications;" and would "[c]oordinate and direct any meetings with the [Federal Highway Administration]," chair the Design Consultants' Evaluation and Selection Committee when necessary, and represent the Executive Director at preconstruction meetings, mayoral visits, and public hearings. (Quotations are from the 1983 job classification questionnaire that plaintiff says state his duties correctly.)

Like the "Special Assistant III," the "Special Assistant IV" works closely with the Executive Director on tasks that potentially involve policymaking on partisan political issues; it may well involve access to confidential communications that bear on those concerns. As far as the job descriptions are concerned, we can find no relevant difference between the two cases.

Plaintiff argues that there nonetheless exists the following important distinction between the Special Assistant III in *Zayas–Rodriguez* and the Special Assistant IV at issue here: Puerto Rico's Central Office of Personnel Administration (COPA), which administers the Commonwealth's civil service system, classified the Special Assistant III as an office of "trust," thereby permitting the agency to remove its occupant. The plaintiff in *Zayas–Rodriguez* did not dispute the classification. Although COPA also classified the Special Assistant IV as a position of "trust," the plaintiff here disputes the correctness of this classification. To be more specific, the plaintiff here believes COPA made a mistake; as a matter of local law, he says, the Special Assistant

IV should be classified as a "career," not a "trust," position.

■ Assuming for the sake of argument that plaintiff is right about local law, that fact still does not entitle him to damages. That is because whether the Special Assistant IV is a "trust" or "career" position is not *"clear;"* it is in dispute (*see infra,* p. 28–29). Even if the classification were wrong as a matter of local law, the local classification does not, in and of itself, determine whether or not the position of Special Assistant IV enjoyed constitutional protection as a matter of federal law. Rather, among other considerations, the legislature's civil service classification is entitled to some deference. *Juarbe–Angueira,* 831 F.2d at 14. Here, regardless of the local law classification, it was not "clearly established" in 1985 that Special Assistant IV was a position insulated from politically based dismissal. Hence, the defendants were entitled to "qualified immunity," protecting them from liability for damages. *See Anderson, supra; Mendez– Palou, supra.* The district court correctly dismissed the damages claim.

## II

The plaintiff argues that the district court was wrong to grant the defendants' summary judgment on the merits, dismissing his claim for reinstatement. He claims that his affidavits set forth "specific facts" raising a "genuine" issue of fact "material" to the legal question of whether the defendants could discharge him for political reasons. Fed.R.Civ.P. 56(c) and (e). If these claims are true, he says, the law prohibited his discharge, and even if it did not do so clearly enough to entitle him to damages, it nonetheless entitles him to reinstatement.

The "specific" factual story that his affidavits and exhibits tell is the following:

(1) The position of "Aide to the Executive Director" was classified as a "career" post in 1981, according to Puerto Rico's civil service law. *See* P.R.Laws Ann. tit. 3, §§ 1350–52 (1978 and Supp.1986).

(2) In April, 1984, the Puerto Rico Highway Authority decided to change the position to one of "trust" and to rename it "Special Assistant IV." COPA had studied the matter and approved the change. *See* Record App. at 162–64, 173–78; P.R.Laws Ann. tit. 3, § 1351.

(3) In May and July, 1984, the plaintiff wrote to the Executive Director of the Highway Authority protesting the change, and pointing out that, under Puerto Rico's law, the Personnel Administration cannot change the classification of a position from "career" to "trust" without the consent of the person holding that position. *See* Record App. at 165–72, 179–83; P.R.Laws Ann. tit. 3, § 1351(6); Personnel Bylaws: Areas Essential to the Merit Principle, § 5.6 (1976).

(4) Sometime prior to November 1984, Zayas–Rodriguez, then Director of Personnel of the Puerto Rico Highway Authority, told the plaintiff that he was correct about the law, and that the Authority and its Personnel Director admitted that the position should be classified as a "career" position. Zayas–Rodriguez Affidavit, Record App. at 201D–G. According to the Puerto Rico Highway Authority Personnel Director, the paperwork needed to change the classification back to "career" was delayed only because of a "work overload."

(5) Presumably because he believed that the change had been, or would be, made, the plaintiff did not appeal the agency's "trust" classification.

■ In our view, if these facts are true, plaintiff's discharge may have been unlawful. For one thing, these facts show that plaintiff may be entitled to his job as a matter of Commonwealth law, according to which a career employee can be removed only "for good cause." P.R.Laws Ann. tit. 3, §§ 1336, 1350, 1352. Plaintiff sought to raise a claim under Commonwealth law in his original complaint, arguing that he could not be removed or demoted "except for cause." He apparently cited the wrong Commonwealth statutes in his complaint, P.R.Laws Ann. tit. 18, §§ 211, 214, 249, but he may seek to amend his pleadings. Fed. R.Civ.P. 15(a) (leave to amend "shall be

freely given when justice so requires"); 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1489 at 449–50 (1971) (amendment permissible after appeal if party did not have sufficient opportunity to clarify a pleading below, or if new issues presented by amendment are consistent with appellate court decision); 3 J. Moore, *Moore's Federal Practice* ¶ 15.11 (2d ed. 1987) (same). By deciding the local law claim, the court may not have to reach the federal constitutional issue. *See, e.g., Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1936) (advisable not to decide constitutional question where dispositive state law ground available); *see also Hagans v. Lavine,* 415 U.S. 528, 546–47, 94 S.Ct. 1372, 1383–84, 39 L.Ed.2d 577 (1974) (same).

In any event, we have said that, in determining whether or not "party affiliation is an appropriate requirement for the effective performance of the public office involved," *Branti,* 445 U.S. at 518, 100 S.Ct. at 1295, the local civil service classification system is "entitled to some deference." *Jimenez Fuentes,* 807 F.2d at 246. This is particularly true where such a system grants civil service protection to the job in question; for, in that case, it is difficult to see how "party affiliation" could nonetheless be "an appropriate requirement" for the job.

We need not definitively decide any of these matters, factual or legal, at this stage. The plaintiff has not sought summary judgment; the facts may be disputed. Nor have the parties briefed the law of Puerto Rico in any depth. *International Union, United Automobile, Aerospace and Agricultural Implement Workers of America v. Brock,* 783 F.2d 237, 251 (D.C. Cir.1986) (case remanded for fuller briefing on legal issue in district court); *District of Columbia v. Air Florida, Inc.,* 750 F.2d 1077, 1084–86 (D.C.Cir.1984) (same). Now, we need hold only that in light of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," the record before the district court failed to show that the de-

fendants "[are] entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

*For these reasons, the district court's judgment granting defendants qualified immunity is affirmed; the remainder of the judgment is vacated and this case is remanded for further proceedings.*